GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

THIERMAN BUCK LLP
Mark R. Thierman (#8285)
Joshua D. Buck (#12187)
7287 Lakeside Drive
Reno, Nevada  89511
Tel:   (775) 284-1500
Fax:   (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Alonzo Balderrama, Individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br>vs.<br><br>XPO Logistics LLC a/k/a and d/b/a XPO Logistics, Inc.; HireRight, LLC; EMPLOYEE(S)/AGENT(S) DOES 1-100; and ROE CORPORATIONS, COMPANIES AND /OR PARTNERSHIPS 101-151, inclusive,<br><br>                              Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT WITH JURY DEMAND** |

## COMPLAINT

COMES NOW Plaintiff Alonzo Balderrama ("Plaintiff" or "Balderrama"), by and through his attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices and Joshua Buck, Esq. of Thierman Buck LLP, and hereby complains against Defendant XPO Logistics, LLC. a/k/a and d/b/a XPO Logistics, Inc. ("Defendant XPO Logistics") and HireRight, LLC ("Defendant HireRight") (collectively "Defendants").

All allegations in this Complaint are based upon information and belief except for

those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Class Action Complaint With Jury Demand either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

2. "An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction" within the earlier of "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

3. Venue is proper in this District because Defendants do business in this judicial district, Plaintiff applied for employment with Defendant XPO Logistics in Clark County, and the illegal and unlawful act complained of occurred within Clark County, and Plaintiff resides and is domiciled in Nevada.

## PRELIMINARY STATEMENT

4. This class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against Defendants for the acquisition and use of consumer and/or investigative consumer reports to conduct background and credit checks on Plaintiff and other prospective and current employees of Defendant XPO Logistics.

5. Defendants obtained background and credit reports for prospective and current employees of Defendant XPO Logistics

6. Defendant XPO Logistics used the information in background and credit reports to make employment related decisions for prospective and current employees.

7. Defendants fail to comply with federal mandates for obtaining and using background and credit reports for employment purposes.

8. Defendants routinely violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without providing a "stand alone" disclosure that a background and credit report would be procured.

9. Instead, Defendants willfully included extraneous information such as a "release of liability" in an effort to shield themselves from its unlawful acts.

10. Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

11. Defendants willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA. *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

12. Based on Defendants' conduct, Plaintiff asserts FCRA claims on behalf of himself and the class defined below. On behalf of himself and the class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

## PARTIES

13. The named Plaintiff, Alonzo Balderrama ("Balderrama"), is a natural person who resides in Nevada, and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

14. Defendant XPO Logistics is an entity registered in the State of Nevada and is a "person" within the meaning of 15 U.S.C. § 1681a(b).

15. Defendant HireRight is an entity registered in the State of Nevada and is a "person" within the meaning of 15 U.S.C. § 1681a(b).

16. The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiff.

17. Plaintiff is informed and believes that each of Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendants" shall mean "Defendants and each of them."

18. Plaintiff and members of her class do not know the true names or capacities of Defendants sued herein as Does 1-100 or Roe Corporations 101-151 inclusive and will seek leave to amend this Complaint to correctly designate those parties as soon as their correct names and capacities are ascertained. Plaintiff and members of her class are informed and believe and thereupon allege that each of said Defendants were in some manner legally responsible for the unlawful actions set forth herein and acting as Plaintiff and members of her class's employer. All allegations repeated herein against the Defendants are made with equal force against Roe Corporations.

## FACTUAL ALLEGATIONS

19. Plaintiff was employed by Defendant XPO Logistics from on or about November 2015 until his termination on or about April 2016.

20. Plaintiff was initially employed as a Warehouse Associate, and thereafter and at his termination as a Warehouse Manager at the time of his termination.

21. Plaintiff was tortuously discharged by Defendant XPO Logistics.

22. Defendant XPO Logistics represents to the general public that it "is a top ten global logistics company. We run our business as one, highly integrated network of people, technology and physical assets in 34 countries, with over 86,000 employees and 1,425 locations."

23. Upon information and belief, Defendant XPO Logistics requires all prospective and current employees to submit to a background investigative consumer report. Defendants conducted a background report on Plaintiff.

24. The consumer report results contain the following verbatim statement:

**LEGAL NOTES:**

> The information provided herein is a consumer report as defined in the federal Fair Credit Reporting Act [15 USC 1681 et seq.] It contains confidential information on the individual named. It is submitted subject to the express conditions contained in your Subscriber Agreement with HireRight, and may be used solely for legally permissible employment purposes (i.e., as a factor evaluating the named individual for employment, promotion, reassignment or retention as an employee). Proper use of the content of this report and final verification of the named individual's identity is your sole responsibility.

*See* a true and correct copy the consumer background report result, attached as Exhibit I, p. 9.

25. At no time prior to obtaining a background report on Plaintiff did Defendants provide Plaintiff with a single document of a legal disclosure that they would be conducting a consumer background report.

26. Instead, Defendant XPO Logistics provided Plaintiff with a 5-page document, the last two pages of which consisted of an authorization to conduct a background report ***and*** a release of liability from obtaining the background report. *See* a true and correct redacted copy of Plaintiff's Employment Application, attached as, attached as Exhibit II.

27. Upon information and belief, Defendants procure background reports on all prospective and current employees of Defendant XPO Logistics but do not provide those employees with a disclosure that consists only of that disclosure.

## CLASS ACTION ALLEGATIONS

28. Plaintiff asserts his claim on behalf of the following Class of individuals:

> **Any person whom Defendants procured a background report for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to and including judgment.**

29. **Numerosity**: The class is so numerous that joinder of all class members is impracticable. Defendant regularly use its disclosure to procure background reports on current employees and job applicants. Thousands of Defendants' prospective and existing employees satisfy the class definition.

30. **Typicality**: Plaintiffs' claims are typical of the members of the class. Defendants typically uses an identical disclosure to procure background reports on prospective and existing employees. The FCRA violations suffered by Plaintiff is typical of those suffered by other class members, and Defendants treated Plaintiff consistent with other class members in accordance with its standard practices.

31. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

32. **Commonality**: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

    a) Whether Defendant XPO Logistics procured background reports on prospective and existing employees;

    b) Whether Defendants violated the FCRA by procuring such background reports without a FCRA-compliant disclosure;

    c) Whether Defendants' FCRA violations were willful;

    d) The proper measure of statutory damages; and

    e) The proper measure of punitive damages.

33. **Predominance/Superiority**: Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

34. Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendants' records.

### FIRST CAUSE OF ACTION
### Procuring Consumer Reports without First Making Proper Disclosures
### 15 U.S.C. § 1681b(b)(2)(A)(i)
### (On Behalf of Plaintiff and the Class Against Defendants)

35. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. Defendants procured consumer reports, as defined by the FCRA, on Plaintiff and all class members.

37. These reports were procured for employment purposes without first providing Plaintiff or any class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

38. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

39. Defendants' willful conduct is reflected by, *inter alia*, the following:

   a) The FCRA was enacted in 1970; Defendants has had over 40 years to become compliant;

   b) Defendants' conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

   c) Defendants knew or had reason to know that its conduct violated the FCRA;

   d) Defendants repeatedly and routinely uses the disclosure it used with Plaintiffs to procure consumer reports;

   e) Defendants' inclusion of a liability release clearly implies awareness by Defendants that they could be held liable for improperly procuring a consumer report;

f) Despite the pellucid statutory text and there being a depth of guidance, Defendants systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

g) By adopting such a policy, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

40. Plaintiff and the class are entitled to statutory damages of not less than $100 and not more than $1,000.00 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

41. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

42. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and his class demand a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and his class, prays for relief as follows:

A. Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B. Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the class;

C. Issuing proper notice to the class at Defendants' expense;

D. Declaring that Defendants committed multiple, separate violations of the FCRA;

E. Declaring that Defendants acted willfully, in deliberate or reckless disregard

of Plaintiffs' and class members' rights and Defendants' obligations under the FCRA;

F. Awarding statutory and punitive damages as provided by the FCRA;

G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED this 26th day of January 2017.

GABROY LAW OFFICES

By_____
Christian Gabroy (#8805)
Kaine Messer (#14240)
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

THIERMAN BUCK LLP
Mark R. Thierman (#8285)
Joshua D. Buck (#12187)
7287 Lakeside Drive
Reno, CA  89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
*Attorneys for Plaintiffs*